IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE PAVO MARTINEZ, # 28267-177, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:14-CV-1359-L-BK |
| | § | (3:01-CR-0229-L-2) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a federal prisoner, filed a *pro se* motion to vacate sentence under 28 U.S.C. § 2255, which was automatically referred to the magistrate judge. *See* 28 U.S.C. 636(b) and Special Order 3.  For the reasons that follow, this action should be summarily dismissed.

**I. BACKGROUND**

In 2002, Petitioner pled guilty to two counts of aiding and abetting the use of a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2, and was sentenced to 32 years' imprisonment (mandatory 7- and 25-year sentences to be served consecutively) and a five-year term of supervised release. *United States v. Martinez*, 3:01-CR-229-L-2 (N.D. Tex. Aug. 28, 2002).  On April 15, 2014, almost twelve years after he was convicted, Petitioner filed this section 2255 motion to vacate sentence.  [Doc. 3 at 1].  Relying on *Rosemond v. United States*, --- U.S. ---, 134 S. Ct. 1240 (2014), and *McQuiggin v. Perkins*, --- U.S. ---, 133 S. Ct. 1924 (2013), Petitioner asserts that he is actually innocent of aiding and abetting the second section 924(c) offense because he "did not have 'advance knowledge' that his co-defendants would use or carry guns during the commission of the robbery of the Kenwood Outlet Store." [Doc. 3 at 1, 4-5, 9].

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255, which the Court may consider *sua sponte*. See 28 U.S.C. § 2255(f); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999) (addressing a similar provision applicable to state habeas petitions under 28 U.S.C. § 2255). As the section 2255 motion *sub judice* appeared untimely filed, the Court directed Petitioner to respond regarding the application of the one-year limitations period. [Doc. 5].

In his response, Petitioner indicates his reliance on 28 U.S.C. § 2255(f)(3) and (4), and cites as support the U.S. Supreme Court's recent decision in *Rosemond v. United States*, 134 S. Ct. 1240, 1249 (2014), which held that to aid and abet a section 924(c) offense, a defendant must have "advance knowledge" that a firearm will be used or carried. [Doc. 6 at 1-2]. Petitioner's arguments are without merit, however.

Petitioner's reliance on section 2255(f)(3) is unavailing. Under that section, the one-year limitations period is calculated from "the date on which the right asserted was initially recognized by the Supreme Court." *Dodd v. United States*, 545 U.S. 353, 358-359 (2005). Section 2255(f)(3) applies only if the right has been (1) "newly recognized by the Supreme Court" and (2) made retroactively applicable to cases on collateral review." *Id.* at 358. The retroactivity determination can be made by the Supreme Court as well as a lower court. See *United States v. Lopez*, 248 F.3d 427, 431-32 (5th Cir. 2001) (holding that had Congress intended the retroactivity determination under section 2255(f)(3) to be limited to the Supreme Court, the statute would have explicitly provided so).

Petitioner contends the Supreme Court's decision in *Rosemond* created a new rule that

applies retroactively for purposes of section 2255(f)(3). [Doc. 6 at 2, 4]. In *Rosemond*, which was decided on direct rather than collateral review, the Supreme Court did not hold that its decision represented a new rule of law. A "new rule" is one that "breaks new ground," "imposes a new obligation on the States or the Federal Government," or is otherwise not "*dictated* by precedent existing at the time the defendant's conviction became final." Teague v. Lane, 489 U.S. 288, 301 (1989) (emphasis in original). Indeed, the Supreme Court was clear that its *Rosemond* holding was dictated by established precedent. Rosemond, 134 S. Ct. at 1248-1249.

Moreover, a new rule of constitutional procedure decided after a defendant's conviction becomes final generally may not be applied to that defendant's case on collateral review. Teague, 489 U.S. at 310-311. While there are two exceptions to *Teague*, *Rosemond* does not fall within either of them. See Schriro, 542 U.S. at 351-352 (summarizing *Teague*'s non-retroactivity rule). Contrary to Petitioner's assertion [Doc. 3 at 10-11; Doc. 6 at 4], *Rosemond* did not announce a new "substantive" rule, namely a rule that places any individual conduct beyond the power of the United States to punish, or that prohibits the imposition of any type of punishment. Id. at 352. Furthermore, the rule announced in *Rosemond* does not qualify as a "watershed rule of criminal procedure, implicating the fundamental fairness and accuracy of the criminal proceeding." Id. (internal quotation marks and citations omitted).

Petitioner's reliance on section 2255(f)(4) likewise fails. Under that section, the one-year limitations period is calculated from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Mistakenly relying on Johnson v. United States, 544 U.S. 295 (2005), Petitioner asserts that under section "2255(f)(4) 'facts' include court rulings and the legal consequence of" those rulings. [Doc. 6 at 7]. In *Johnson*, the Court held that notice of the order vacating a prisoner's prior state court

conviction which had been used for enhancement under the Armed Career Criminal Act, was a fact that triggered the one-year limitations period under section 2255(f)(4). *Johnson*, 544 U.S. 308. Here, however, the issuance of the *Rosemond* opinion was not a "fact" supporting Petitioner's claim and triggering the start of the limitation period under section 2255(f)(4). At least two circuit courts have held that the issuance of a new court opinion is not a newly-discovered fact under section 2255(f)(4). *See Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013); *Madaio v. United States*, 397 Fed. Appx. 568, 570 (11th Cir. 2010) (unpublished) ("Since Section 2255(f)(4) is predicated on the date that 'facts supporting the claim' could have been discovered, the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period.").

Contrary to Petitioner's arguments, the Court concludes sections 2255(f)(3) and (4) are inapplicable here. Thus, Petitioner's section 2255 motion is clearly outside the one-year statute of limitations absent equitable tolling.

Although the Court gave Petitioner an opportunity to present arguments in support of equitable tolling, he offered no facts to support the applicability of equitable tolling in his case. [Doc. 6 at 3]. Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) ("In order for equitable tolling to apply, the applicant must diligently pursue . . . [habeas] relief."); *United States v. Petty*, 530 F.3d 361, 365-366 (5th Cir. 2008) (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations). Accordingly, the Court concludes that Petitioner has not carried his burden of establishing that equitable tolling is warranted in this case.

Lastly, despite the fact that he pled guilty, Petitioner asserts that he is actually innocent of aiding and abetting the second section 924(c) offense. While a claim of actual innocence may provide "a gateway through which a petitioner may pass" when the limitations period has elapsed, "tenable actual-innocence gateway pleas are rare." *McQuiggin v. Perkins*, ––– U.S. –––, 133 S. Ct. 1924, 1928 (2013). To meet the threshold requirement, a petitioner must present new evidence in support of his claim and "'show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Here, Petitioner's assertion of actual innocence is controverted by his previous stipulation of the applicable facts at the time of his guilty plea. The Factual Resume specifically provides that Petitioner "was fully aware that his co-conspirators planned on and actually used, carried and brandished firearms during this robbery." [Crim. Doc. 67 at 3 (emphasis added)]. Thus, unlike the defendant in *Rosemond*, Petitioner, by his own admission, had "advance knowledge" that his codefendants would use or carry guns during the commission of the Kenwood Outlet Store robbery. Accordingly, Petitioner's actual innocence claim fails, and his section 2255 motion should be dismissed as time barred.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

**SIGNED** June 4, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* [28 U.S.C. § 636(b)(1)](); [Fed. R. Civ. P. 72(b)]().  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See* [*Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)]().

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE